Paul Coleman, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, February 2, 1981, to Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Bartholomew E. Poindexter,* for petitioner.

*Carol A. Genduso,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., February 26, 1981:

Petitioner appeals here from a Department of Public Welfare (DPW) decision denying him a special grant in the form of a moving allowance.

After judgment was entered in Municipal Court of the City of Philadelphia against petitioner on July 2, 1979, he was served with a writ of possession on August 10, 1979 giving him fifteen days to vacate his apartment. Petitioner, being a General Assistance recipient at the time, requested a moving allowance from the County Assistance Office (CAO) on August 13, 1979. Upon CAO's request, petitioner obtained two estimates of the cost of the move from two moving companies. The CAO caseworker also requested that

petitioner obtain the Public Utility Commission's (PUC) licensing numbers for these two companies. These numbers were supplied to the CAO on August 17, 1979. On August 22, 1979, petitioner was informed by a CAO supervisor that one of the numbers submitted, that of a Mr. Elton Nock, was not a valid PUC number. He was also informed that he must obtain a second moving estimate from a PUC-licensed mover or that he could follow DPW's procedures for moving by rented van. On August 24, 1979, petitioner was served with an alias writ of possession by the county sheriff and was required to turn over the keys to his apartment to his landlord. Upon contacting the CAO that same day, he was informed that the CAO staff was mandatorily working only on food stamp recomputations and could not process his moving allowance request until August 27, 1979. Petitioner went ahead and had Mr. Nock move his possessions on August 25, 1979. He provided written verification of this expense to the CAO on August 28, 1979. Petitioner's request for a moving allowance was denied by the CAO and, after a fair hearing held on October 12, 1979, also denied by a Hearing Examiner. The Executive Director of the Hearing and Appeals Unit of DPW affirmed the Hearing Examiner's decision on November 2, 1979. This appeal followed and we affirm.

The DPW regulation at issue here reads in pertinent part:

(3) *Other special transportation needs.* Actual minimum cost of transportation and necessary related expenses . . . will be authorized . . . if any of the following circumstances exist:

(i) A client must move . . . because he has received an order to vacate his present home . . . Allowance for transportation will conform with the following:

(A) Actual minimum cost of transportation includes transportation of clients and their household effects, not storage, to their new residence and any necessary expenses related to transportation enroute. The most acceptable method of determining actual minimum cost of transportation is to have the client secure bids from PUC-licensed moving companies. Only two bids are required.

(B) . . . Payment for transportation will not be made for moves by unlicensed moving companies, except in the following situations:

(I) Moves out of this Commonwealth . . .

(II) Moves by bona fide associations of their members.

(III) Moves by household members.

Section 175.23(b)(3)(i)(A), (B) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §175.23(b)(3)(i)(A), (B).

Petitioner first argues that moving by way of a commercial PUC-licensed mover is not the exclusive means by which DPW will reimburse a recipient's move; that flexibility is allowed to meet the needs of different recipients and this flexibility should be stretched to include reimbursement for petitioner's non-PUC-licensed moving company expense. Although it is clear that the regulations provide some flexibility in the manner which a recipient may move and gain reimbursement, *see* PAEM §175.23(b)(3)(i)(B) and (C), 55 Pa. Code §175.23(b)(3)(i)(B) and (C), it is also clear that *if* a commercial mover is chosen, the move will not be reimbursable unless the company is a PUC-licensed one *or* is the type of move which fits within one of the specified exceptions allowing unlicensed moving companies stated in PAEM §175.23(b)(3)(i)(B)(I), (II), or (III), 55 Pa. Code §175.23(b)(3)(i)(B)(I), (II), or (III). Because peti-

tioner does not fit within any of the exceptions and because he chose to have a commercial moving company take care of the move, he was required, and knew of the requirement, to use a PUC-licensed mover.

Petitioner secondly argues that the CAO was required to assist him immediately when he went into the office on Friday, August 24, 1979, (we are not told the hour) and informed him that his request (we are not told what it would be) could be considered on Monday, August 27, 1979. Certainly the law could not expect much less require the CAO to drop everything immediately, putting aside other urgent work, and listen to petitioners then urgent request to assist with a move he had had over 15 days to arrange. Indeed the judgment requiring petitioner to move had been entered July 2, 1979, a writ of possession served on August 10, 1979, culminating in the alias writ of possession on August 24, 1979. Petitioner had been advised specifically that a move by Mr. Nock would not be reimbursed and that the CAO could not advance funds for a deposit on a van rental.

Accordingly, we will enter the following

ORDER

AND Now, February 26, 1981, the Final Order of the Department of Public Welfare in case number 7218-754-D, dated November 2, 1979 is hereby affirmed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

While I cannot fault the Executive Director of the Hearing and Appeals Unit for requiring strict compliance with the regulations of the Department of Public Welfare, I think that those same regulations under the circumstances of this case would require the County Assistance Office to have acted expeditiously on the

Petitioner's plea for help on Friday (regardless of the hour it was presented) when action by that office the following Monday would be too late to be of any assistance to the Petitioner. Since there is no evidence that the moving charge was unreasonable, I would reverse and grant the moving allowance.